SHORES, Justice.
This is an appeal from a judgment entered after a directed verdict in favor of *820 the defendants. The plaintiff, Willie Lee Jones, was injured while working for a lumber company; he sued two co-employees, Judson Griffin and Corin Harrison, Jr., alleging that they negligently breached a duty owed to him and thereby proximately caused his injury.
Jones was a member of a four-man crew involved in loading cut trees onto trucks. The crew was working at the top of a steep hill. They had been working in the same area for three or four weeks, but had been working at the bottom of the hill until two or three days prior to the accident that caused Jones’s injuries.
At the time of the accident, Jones was operating a piece of equipment known as a skidder. The hill on which the crew was working was too steep for the 18-wheel trucks, upon which the wood was to be loaded, to ascend under their own power. The skidder was used to pull the trucks up the hill. Once up the hill, the truck was loaded with wood and then helped down with the skidder.
Jones was instructed by his foreman to use the skidder to let a loaded truck down the hill. While the truck was being lowered, Jones eased on the brakes to slow the truck’s descent. The brakes on the skidder “locked up” and the skidder was dragged down the hill. As the skidder was being dragged down the hill, it overturned, causing Jones’s injuries. The co-employees named in the suit were in charge of a safety program for the lumber company.
At trial, Jones sought to establish that the defendant co-employees had failed to provide him with a safe place to work. He offered no evidence to show that any individualized duty existed on the part of the defendant co-employees to insure his safety-
“ ‘Liability of a co-employee must be predicated upon the breach of a personal duty owed to the injured employee and not upon general administrative responsibilities of the third party co-employee defendant. It is insufficient, for example, to merely allege and prove a generalized duty of a co-employee to provide the injured employee with a reasonably safe place to work. An employee is not liable for injuries to another employee because of the failure of the employer to furnish a safe place to work or suitable appliances or instrumentalities.’ ”
Welch v. Jones, 470 So.2d 1103, 1110 (Ala.1985), quoting from Fireman’s Fund American Ins. Co. v. Coleman, 394 So.2d 334, 347 (Ala.1980) (Jones, J., concurring specially), which cited 57 C.J.S. Master and Servant § 578.
Jones did not prove at trial that the co-employee defendants had more than a generalized duty to provide him with a reasonably safe place to work. Also, Jones failed to put forward any evidence that his injuries resulted from some personal fault on the part of the co-employee defendants. See, Kennemer v. McFann, 470 So.2d 1113 (Ala.1985), which involved a similar accident. There, we said:
“Partain contends that his general superintendence of the overall safety program for his employer did not impose upon him the individualized duty to personally inspect or to otherwise have personal familiarity with each item of the company’s equipment; that, in fact, he had never seen the truck involved in this accident; and therefore that the co-employee test of liability set out in Fireman’s Fund American Ins. Co. v. Coleman, 394 So.2d 334 (Ala.1980), and followed by Welch [v. Jones, 470 So.2d 1103 (Ala.1985)], has not been met. We agree. We find that Partain's general administrative responsibility for company-wide safety, under the instant facts, bears such a remoteness to the specific defect which proximately resulted in Plaintiffs’ injuries as to entitle Partain to a directed verdict at the close of the evidence, and failing this, to a JNOV.”
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, BEATTY and STEAGALL, JJ., concur.